2000 OK JUD ETH 7.

**JUDICIAL ETHICS OPINION 2000–7.**

Oklahoma Judicial Ethics Advisory Panel.

Nov. 14, 2000.

¶ 0 QUESTION 1: May the spouse of a judge place a campaign sign in the family front yard in support of a candidate other than the judge?

QUESTION 2: May a judge's spouse contribute to the campaign of a candidate (not the judge)?

QUESTION 3: May the spouse of a judge contribute money to a candidate other than the judge by check from a joint account?

QUESTION 4: Do the answers to the above questions apply to the children or other relatives living in the home of the judge?

¶ 1 WE ANSWER:

Question 1: YES.

Question 2: YES.

Question 3: NO.

Question 4: As to the children and relatives, the same answer does not apply as to Question 1; the same answers do apply as to Questions 2 and 3.

¶ 2 **Canon 2: "A Judge Should Avoid Impropriety and the Appearance of Impropriety in all of the Judge's Activities.**

A. A judge should respect and comply with the law and act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

Title 20, Oklahoma Statutes, § 1404:

"... . B. In addition to the causes specified in Article VII–A, Section 1 of the Oklahoma Constitution, the acts and omissions enumerated below shall constitute grounds for the removal by the Court on the Judiciary of a judicial officer from his office, with or without disqualification to hold a judicial office in the future:

3. Participation by a judicial officer, while serving as such officer or while a candidate for judicial office, in any partisan political activity. ...

(4) Participation by a judicial officer, while serving as such officer or while a candidate for a judicial office, in any election campaign other than that for his own election to a judicial office."

¶ 3 Before we discuss the particular questions above, we set out some general principles. The Canons apply to the judge and do not apply to the family of a judge. A judge is not in violation of the Code of Judicial Conduct if a member of the judge's family exercises a political right to run for office or a constitutional right to actively support or oppose candidates for office. It must be recognized that the judge, like many other married individuals, does not have absolute authority over the activities of a spouse.

¶ 4 *In Application of Gaulkin,* 69 N.J. 185, 351 A.2d 740 (1976–New Jersey), a judge's wife successfully challenged a New Jersey Supreme Court policy that barred her right to run for political office. The Court considered what they referred to as "emerging concepts of spousal independence" and stated that "the autonomy of the judge's spouse should simply be accepted as an understood premise of modern life." The Supreme Court policy was changed.

¶ 5 A judge's spouse, either as a joint tenant in ownership of property or under a homestead right, may use the property for any legal purpose. The judge has a duty to discourage the spouse from using the property in a political matter because the Canons require the judge to avoid "the appearance of impropriety." Obviously, the yard sign will give the impression of the judge's partiality in a political campaign and surely the judge and the judge's family have a mutual interest in maintaining the integrity of the judiciary. As stated above, while a spouse has certain rights in the use of the property, it should be made clear as a practical matter that the decision is that of the spouse of the judge and not the decision of the judge.

¶ 6 On the question of the judge's spouse making contributions to candidates other than the judge, again we refer to the basic rights of a judge's spouse and recognize his/her right to support political candidates.

¶ 7 Our answer is different as to Question 3, a contribution by the spouse of a judge from a joint account, because this is a situation where the judge has some control to avoid the perception of political activity. Under Title 20, § 1404, *supra,* a judge cannot participate in any partisan political activity or in anyone else's election campaign. A judge can avoid the perception of participation by removing his/her name from a joint account so that the spouse would not make a campaign contribution from an account with the judge's name on it. Likewise, the spouse may very properly take cash from a joint account and make a contribution by cash. In this way, the perception of impropriety is avoided without any infringement on the rights of the spouse. Needless to say, it is wholly inappropriate for any of the above-described activities to be conducted by the spouse acting as a surrogate for the judge.

¶ 8 As to a family member, our answer is different as to the yard sign in the yard of the judge's home. The family member or children of the judge would not have homestead rights and ordinarily would not be holding title to the property as a joint tenant. In such cases, the judge has control of the use over the property and can prohibit yard signs being placed. A family member has every right to make political contributions, but not from a bank account in which the judge has an interest.

¶ 9 In conclusion, the Code of Judicial Conduct does not apply to the spouse of a member of the judiciary and the removal of a judge based on the independent actions of a spouse is inappropriate. But a judge does have a duty to avoid the perception that the judge is participating in political activity.

¶ 10 Robert L. Bailey, Chairman

¶ 11 Robert A. Layden, Vice-Chairman

¶ 12 Milton C. Craig, Secretary